CAUSE NO. 01-SC-21-00128

| | |
|---|---|
| JASMINE VINSON;<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.;<br><br>Defendant. | IN THE JUSTICE COURT<br><br>PRECINCT 1<br><br>COLLIN COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, Plaintiff JASMINE VINSON ("Plaintiff"), by and through her attorneys, the SHAWN JAFFER LAW FIRM, and bring this *Original Petition* against Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("Defendant Experian") and respectfully sets forth, complains, and alleges, upon information and belief, the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff reserves the right to petition this Court to engage in pretrial discovery pursuant to Rule 500.9 of the Texas Rules of Civil Procedure.

### PARTIES AND SERVICE

2. Plaintiff is a resident of Collin County, Texas.

3. At all times material hereto, Plaintiff was a "Consumer" as said term is defined under 15 U.S.C. § 1681a(c).

4. Defendant Experian is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Experian is an Ohio corporation registered to do business in the State of Texas, and may be served with

Page **1** of **8**

process upon CT Corporation System, its registered agent for service of process at 1999 Bryan St, Suite 900, Dallas, TX 75201.

5. At all times relevant hereto, Experian was a "consumer reporting agency" as governed by the FCRA. During the relevant time Experian was regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

## JURISDICTION & VENUE

6. This Court has personal jurisdiction over all the parties because both parties reside and/or engage in business in the State of Texas. Further, this Court has jurisdiction of this cause of action in that it involves an amount in controversy within the original jurisdiction of this Court.

7. Plaintiffs seek monetary relief within this Court's jurisdictional limits.

8. Venue in Collin County, Texas is proper in this cause pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Collin County, Texas.

## FACTUAL ALLEGATIONS

9. Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully stated herein with the same force and effect as if the same were set forth at length herein.

10. On about September 26, 2013, Plaintiff obtained a personal auto loan "Account" from JP Morgan Chase Bank N.A. ("Chase").

11. On June 28, 2019, Chase reported the Account as charged off account to Defendant Experian with an alleged balance remaining of $1,938.18.

12. On or about December 24, 2020, Plaintiff paid off the Account in full to Chase with no balance remaining. See Exhibit "A".

13. In past year, Plaintiff made several disputes with Experian which were all verified as accurate by Experian.

14. Defendant Experian continues to report false, inaccurate and incomplete payment history and payment status on Plaintiff's consumer file.

15. Particularly Defendant Experian continues to falsely and inaccurately report the status as "$1,938 written off." See Exhibit "B".

16. Up until the date of this pleading Defendant Experian continues to falsely and inaccurately report Account which directly harmed Plaintiff's credit report and scores and ability to obtain credit at prime interest rates.

17. Defendant Experian failed to conduct a reasonable reinvestigation and review the documents provided by the Plaintiff. If Experian had simply conducted a reasonable reinvestigation then it would have removed the false, inaccurate and incomplete information from the Plaintiff's consumer file.

18. As a result of Defendant Experian's actions and inactions, Plaintiff suffered direct and proximate emotional and financial harm. This harm included but was not limited to mental anguish and emotional distress, humiliation, and damage to Plaintiff's reputation, and monetary loss including, but not limited to, postage, and hours spent attempting to correct this error.

## FIRST CAUSE OF ACTION
### (Willful Violation of the FCRA as to Experian)

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

20. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

21. Experian violated 15 U.S.C. § 1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning the Plaintiff.

22. Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

   a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b. The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d. The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

   e. The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

   f. The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

    g.    The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

    h.    The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

23.    As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

24.    The conduct, action and inaction of Experian was willful rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n).

25.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

**WHEREFORE,** Plaintiff an individual, demands judgment in her favor against Defendant Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SECOND CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Experian)

26.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

27.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

28.    Experian violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting

reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

29. Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

    a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b. The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d. The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

    e. The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f. The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

    g. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

    h. The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

30. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

31. The conduct, action and inaction of Experian was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

32. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681o.

**WHEREFORE,** Plaintiff an individual, demands judgment in her favor against Defendant Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court:

1. Declare that Defendant Experian violated the Fair Credit Reporting Act;

2. Enter judgment against Defendant Experian, for statutory, actual, and punitive damages, costs, and reasonable attorney's fees as provided by the FCRA;

3. Enter judgment against Defendant for pre-judgment and post-judgment interest as provided by law; and

4. For any such other and further relief, including equitable relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

DATED: March 29, 2021                    Respectfully Submitted,

**SHAWN JAFFER LAW FIRM PLLC**

/s/ Shawn Jaffer
Shawn Jaffer
Bar No.: 24107817
8111 Lyndon B Johnson Fwy
Suite 350
Collin, TX 75251
T: (214) 238-4855
F: (888) 530-3910
E-mail:   attorneys@jaffer.law
*Attorney for Plaintiff Jasmine Vinson*